JOSEPH WILSON AND OTHERS *v.* R. G. STONER ET AL.

**Homestead—Right of Exemption.**

    The right of exemption depends upon the present and actual purpose and intention of the debtor to use and enjoy the property sought to be exempted as a home for himself and family, and does not exist where the residence of the debtor is permanently located elsewhere.

**Homestead—Actual Residence of Husband on Wife's Land—Right of Exemption Must be Asserted.**

    If the actual residence of the husband is on the wife's land, he cannot assert any claim to exemptions in land owned by him adjoining or elsewhere. Nor is the court compelled in every judgment rendered to reserve the right of homestead in the land, when no such right is asserted.

**Homestead—Who May Claim and How Asserted.**

    The debtor or his family may assert their right to a homestead during the pendency of the suit, if in equity, or they may oppose the confirmation of any sale by which they are attempted to be deprived of this right and the possession of the property in which they have a homestead.

APPEAL FROM BOURBON CIRCUIT COURT.

November 23, 1872.

OPINION BY JUDGE PRYOR:

This court, in the case of *Brown Bros. & Co. v. Martin, etc.,* reported in 4 Bush, page 47, adjudged that Lee was not entitled to a homestead in the land sold, for the reason that he did not occupy the property or intend to make it his actual place of residence. The real estate sold in that case was all that appellant Lee owned, but the fact of his keeping house in a different part of the city, and not claiming his actual residence

as on the property sold, concluded him from the benefits of the homestead law. The case supposed by counsel in the petition for rehearing—when the wife owned property in Lexington and the husband (living with her) owned property, real estate, in the country—then is the husband, owning no other real estate, entitled to the beneficial provisions of the law. The case in 4th Bush settles the question.

"The right of exemption depends upon the present and actual purpose and intention of the debtor to use and enjoy the property sought to be exempted as a home for himself and family, and does not exist where the residence of the debtor is permanently located elsewhere."

If the actual residence of the husband is on the wife's land, he cannot assert any claim to exemption in land owned by him adjoining, or elsewhere. Nor is the court compelled in every judgment rendered to reserve the right of this homestead in the land, when no such right is asserted, for the reason that the question is not litigated, and the court is not presumed to know whether the benefits of the act should be applied or not. Nor is it necessary for the debtor to assert this right, unless it forms the subject-matter of the controversy. What title does the purchaser obtain under an execution sale where the homestead is included and sold without the consent of the debtor and his family? None.

The debtor or his family may assert this right during the pendency of the suit to subject the property, if in equity, or they may oppose the confirmation of any sale by which they are attempted to be divested of this right and possession, or in other words it is not the subject of sale unless under a judgment where the right to the benefits of the act itself is determined. In regard to the judgment, we must confess that we have been unable to see in what way Andrew Wilson's property is made liable for the Hamilton debt owing by Joseph and Todd Wilson alone.

The judgment directs the sale of the property of Joseph Wilson to pay the debts, and then so much of the property of H. T. Wilson as has been attached as will satisfy the plaintiff, and will then sell so much of the property, real and personal, of the defendant Andrew Wilson attached herein, as will satisfy the

debt of the plaintiffs whose attachments were levied on his property not paid and satisfied by the property of Joseph and H. T. Wilson. This judgment does not subject the property of Andrew Wilson to the payment of any debt for which he is not liable. The Hamilton attachment was not levied on his property, and the sheriff is directed only to sell the attached property to satisfy the debts of plaintiffs whose attachments have been levied on Andrew Wilson's property.

We have examined this case again carefully and find no judgment against Andrew Wilson for any debt for which his name does not appear. The opinion rendered fails to make special reference to the debts for which Andrew Wilson is made liable, and is so modified as to show that there is no judgment or attachment against him for the Hamilton debt.

Petition is overruled.

*Kinkead & Buckner, for appellants.*